UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

SHANNONJON C. BENTON,

        Defendant.
                              /

NO. CR 2:09-337 WBS

ORDER RE: APPEAL

----oo0oo----

After a bench trial on July 29, 2009, Magistrate Judge Gregory G. Hollows found defendant Shannonjon C. Benton guilty of possession of a knife exceeding three inches on Veterans Administration Property and sentenced her to one year of unsupervised probation, a $90 fine, and a $10 special assessment. Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), defendant timely appealed her conviction to the district court.

In her appeal, defendant challenges the Magistrate Judge's January 21, 2009 Order in which he denied defendant's motion to suppress evidence discovered in a search of her purse. In that Order, the Magistrate Judge concluded that the disputed

1

search of defendant's purse on July 11, 2008 came within the search incident to arrest exception to the Fourth Amendment's warrant requirement.

When reviewing an appeal from a conviction entered by a magistrate judge, the district court applies the same standard that the court of appeals uses when reviewing a judgment of conviction entered by a district court.  Fed. R. Crim. P. 58(g)(2)(D).  The denial of the motion to suppress evidence is therefore reviewed <u>de novo</u> and any "[f]actual findings underlying the denial of the motion are reviewed for clear error."  <u>United States v. Fraire</u>, 575 F.3d 929, 931 (9th Cir. 2009).

For the reasons stated by Magistrate Judge Hollows in his January 21 Order, which this court hereby incorporates by reference, the court concludes that defendant's motion to suppress was properly denied.

Contrary to defendant's assertions, <u>Knowles v. Iowa</u>, 525 U.S. 113 (1998), does not stand for the proposition that a warrantless search can never come within the search incident to arrest exception if an officer issues a citation in lieu of arresting an individual.  In <u>Knowles</u>, the Court held that, even if state law authorizes the arrest of an individual for a routine traffic violation, the issuance of a traffic citation in lieu of an arrest was not sufficient in itself to justify a warrantless search of the individual's vehicle.  <u>Id.</u> at 114, 119.

In so holding, the Supreme Court reasoned that the two rationales supporting the search incident to arrest exception--"(1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at

2

trial"--did not justify extension of the exception to include vehicle searches based on a citation for a routine traffic violation.  Id. at 117-19.  The Court nonetheless emphasized that those rationales neither limit nor define the scope of the search incident to arrest exception: "In Robinson, [414 U.S. 218 (1973),] we held that the authority to conduct a full field search as incident to an arrest was a 'bright-line rule,' which was based on the concern for officer safety and destruction or loss of evidence, but which did not depend in every case upon the existence of either concern."  Id. at 118.

Unlike the new issues raised by the traffic citation and subsequent vehicle search in Knowles, the valid basis to arrest defendant and the resulting search of her purse in this case come within the "bright-line" search incident to arrest exception.

The disputed search of defendant's purse on July 11, 2008 thus comported with the Fourth Amendment, and the Magistrate Judge correctly denied defendant's motion to suppress the fruits of that search.  Accordingly, the evidence obtained in the disputed search was properly admitted.

IT IS THEREFORE ORDERED that the judgment of conviction be, and the same hereby is, AFFIRMED.

DATED:  November 19, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE